IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

MARVIN COBB                                                      PLAINTIFF
Reg #09419-076

v.                              No. 2:13-cv-115-DPM

T C OUTLAW, Warden, Forrest City Complex;
RONALD SMITH, Safety Manager, FCC Forrest City;
A HAYNES, Warden, FCC Forrest City                    DEFENDANTS

ORDER

1. The Court thanks Magistrate Judge Ray for his work on this case to date and withdraws the reference.

2. Cobb says that black mold, and black mold spores, infest the federal facility at Forrest City where he's incarcerated. He alleges many resulting illnesses. The Defendants—former warden Outlaw, warden Haynes, and safety manager Smith—move to dismiss.

3. Cobb has no claim under the Fourteenth Amendment through § 1983. Defendants are federal officers. That claim is dismissed with prejudice. Cobb has an Eighth Amendment claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Defendants' motion to dismiss that claim as insufficiently pleaded and implausible is denied without

prejudice. There are too many swirling facts—in the fifty odd pages of materials attached to Cobb's complaint and in Defendants' extensive brief. The remaining claim needs to be handled either on summary judgment with the merits-oriented Local Rule 56.1 statements supported by specific record materials and citations or at trial. Any such dispositive motion is due by 30 September 2014. The Court notes that at least two other mold cases from Forrest City were resolved on summary judgment, not at the 12(b)(6) stage. *May v. United States, et. al.*, 501 Fed. App'x 597 (8th Cir. 2013); *Amerson v. Outlaw, et. al.*, 2013WL656478 (E.D. Ark. 2013).

**4.** Defendants' request for qualified immunity is denied without prejudice. The constitutional right to sanitary prison conditions is clearly established. *Farmer v. Brennan*, 511 U.S. 825 (1994). If, as Cobb alleges, he's been exposed to mold for several years and various medical problems have resulted, the Constitution may have been violated. Taking all the facts alleged in his favor at this point, it's too early for the Court to say that Defendants have no liability in any event as a matter of law. The necessarily fact-based nature of an unconstitutional prison conditions claim, *e.g.*, *Whitnack v. Douglas County*, 16 F.3d 954 (8th Cir. 1994), creates a substantial overlap between qualified immunity and the merits. The Court will of course revisit

the matter on summary judgment.

* * *

Motion to Dismiss, № 13, granted on the Fourteenth Amendment claim, denied without prejudice on the Eighth Amendment claim, and denied without prejudice on qualified immunity. Given the age, stage, and nature of the case, the September 30th deadline for a dispositive motion will not be extended without a very good reason.

So Ordered.

      */s/ D.P. Marshall Jr.*
      D. P. Marshall Jr.
      United States District Judge

      22 August 2014